**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT | * | |
| 1250 Connecticut Avenue, N.W. | * | |
| Suite 200 | * | |
| Washington, D.C.  20036 | * | |
| | * | |
| and | * | |
| | * | |
| NOAH SHACHTMAN | * | |
| The Daily Beast | * | |
| 555 W. 18th Street | * | |
| Fifth Floor | * | |
| New York, NY 10011 | * | |
| | * | |
| and | * | |
| | * | |
| SPENCER ACKERMAN | * | |
| The Daily Beast | * | |
| 555 W. 18th Street | * | |
| Fifth Floor | * | |
| New York, NY 10011 | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 17-_____ |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| Washington, D.C. 20505 | * | |
| | * | |
| and | * | |
| | * | |
| DEPARTMENT OF DEFENSE | * | |
| 1000 Defense Pentagon | * | |
| Washington, D.C. 20301-1000 | * | |
| | * | |
| and | * | |
| | * | |
| DEPARTMENT OF JUSTICE | * | |
| 950 Pennsylvania Avenue, N.W. | * | |
| Washington, D.C. 20530-0001 | * | |
| | * | |
| and | * | |
| | * | |

| DEPARTMENT OF STATE | * |
| 2401 E Street, NW | * |
| Washington, D.C. 20037 | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records withheld from the plaintiffs The James Madison Project, Noah Shachtman and Spencer Ackerman by the defendants Central Intelligence Agency, Department of Defense, Department of Justice, and Department of State.

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4.   Plaintiff Noah Shachtman ("Shachtman") currently serves as the Executive Editor of The Daily Beast, and is a representative of the news media.

5.   Plaintiff Spencer Ackerman ("Ackerman") currently serves as the Senior National Security Correspondent for The Daily Beast, and is a representative of the news media.

6.   Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

7.   Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the National Security Agency ("NSA") and the Defense Intelligence Agency ("DIA").

8.   Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

9.   Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

## FACTUAL BACKGROUND

10. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks to compel disclosure of U.S. Government records memorializing the circumstances surrounding the decision by President Donald J. Trump ("President Trump") to convey classified information to Russian Government officials during a May 10, 2017, meeting in the Oval Office.

11. On May 15, 2017, media outlets reported that President Trump had disclosed sensitive classified information during a May 10, 2017, meeting with the Russian Foreign Minister and the Russian Ambassador to the United States. The information allegedly concerned details of a terrorist threat related to the use of laptop computers on commercial aircraft. *https://www.washingtonpost.com/world/national-security/trump-revealed-highly-classified-information-to-russian-foreign-minister-and-ambassador/2017/05/15/ 530c172a-3960-11e7-9e48-c4f199710b69_story.html?tid=sm_tw&tid=sm_tw&tid=sm_tw&tid=sm_tw&tid=sm_tw&tid=sm_tw&tid=sm_tw&utm_term=.640ae66bc60b* (last accessed June 22, 2017); *http://www.thedailybeast.com/cheats/2017/05/15/white-house-denies-trump-shared-classified-information-with-russia?via=desktop&source=copyurl* (last accessed June 22, 2017).

12. In an early morning Twitter post on May 16, 2017, President Trump defended his actions, stating that he wanted to share with Russia "facts pertaining to terrorism and airline flight safety." *https://twitter.com/realDonaldTrump/status/864436162567471104* (last accessed June 22, 2017); *https://twitter.com/realdonaldtrump/status/864438529472049152?lang=en* (last accessed June 22, 2017). *https://www.nytimes.com/2017/05/16/us/politics/trump-intelligence-russia-classified.html* (reporting on presidential tweets)(last accessed June 22, 2017). National Security Advisor H.R. McMaster ("Mr. McMaster") subsequently defended President Trump's actions, stating that it was "wholly appropriate" for the President to share the information. Mr. McMaster further noted that President Trump was not aware at the time of "where this came from" and that the President had not been briefed on the source of the information. *http://www.nbcnews.com/politics/white-house/national-security-adviser-mcmaster-*

*trump-s-revelations-russians-wholly-appropriate-n760136* (last accessed June 22, 2017).

That said, the White House Press Secretary Sean Spicer publicly made it clear that

presidential tweets are "official statements" of the President. *http://www.nbcnews.com/*

*politics/white-house/trump-s-tweets-official-statements-spicer-says-n768931* (last

accessed June 22, 2017).

13. On May 16, 2017, it was reported that the original source of the intelligence

information at issue was Israel. *https://www.nytimes.com/2017/05/16/world/middleeast/*

*israel-trump-classified-intelligence-russia.html?_r=0* (last accessed June 22, 2017). On

May 22, 2017, during a press conference in Israel, President Trump claimed that "they're

all saying" he had mentioned Israel during the May 10, 2017, meeting, but then stated, "I

never mentioned the word or the name Israel". *http://www.thedailybeast.com/cheats/*

*2017/05/22/trump-seems-to-confirm-israel-was-source-of-intel-he-gave-russian-*

*officials?via=desktop&source=copyurl* (last accessed June 22, 2017).

14. This FOIA lawsuit will ultimately secure the production of records held by the

respective agency defendants that memorialize the actual substantive information

conveyed by President Trump to the Russian Government officials, as well as provide

clarification on the extent to which President Trump was aware of the details and source

origin of the classified information regarding which he discussed on May 10, 2017.

## COUNT ONE (CIA)

15. The plaintiffs, JMP, Shachtman, and Ackerman (hereinafter referred to

collectively as "the Requesters"), repeat and reallege paragraphs 10 through 14 above,

inclusive.

16. By letter dated May 22, 2017, the Requesters submitted to CIA a FOIA request.

17. The FOIA request specifically sought copies of records, including cross-references, memorializing the following:

> 1) Any documentation – including, but not limited to, transcripts or notes – memorializing the contents of the discussion between President Trump and the two Russian Government officials in the Oval Office on May 10, 2017;
>
> 2) Any documentation relied upon for the purpose of briefing President Trump on the intelligence information that falls within the scope of information referenced in category #1, including, but not limited to, documentation that identified the country that had originally gathered the information; and
>
> 3) Any documentation – including documentation reflecting verbal statements – memorializing the briefing in which President Trump was informed of the intelligence information that falls within the scope of information referenced in category #1, including, but not limited to, documentation that identified the country that had originally gathered the information.

18. The Requesters clarified that CIA should ensure that its search for responsive records encompasses Government civilian employees, detailees, political appointees, Constitutional officers, and contract staff. The Requesters further noted that the scope of the searches should include, but not be limited to, e-mail communications on unclassified and classified systems, as well as records stored on individual hard drives and/or shared drives.

19. The Requesters pre-emptively asserted that public remarks by President Trump and Mr. McMaster constituted prior official disclosure of at least three facts: (a) President Trump shared classified information in the May 10, 2017, meeting; (b) President Trump did not mention during the May 10, 2017, meeting that Israel was the original source of the information; and (c) the briefing in which President Trump was informed of the information did not mention the identity of the country that had originally collected the information.

20. In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or who otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees.

21. As a final matter, and further relying upon a public interest argument, the FOIA request explained that the Requesters were seeking expedited processing.

22. To date, no substantive response has been received by the Requesters from the CIA. The Requesters have constructively exhausted all required administrative remedies.

23. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by the CIA of said right.

## COUNT TWO (NSA)

24. The Requesters, repeat and reallege paragraphs 10 through 14 above, inclusive.

25. By letter dated May 22, 2017, the Requesters submitted to NSA a FOIA request.

26. The Requesters repeat and re-allege paragraphs 17 through 21, as the language relied upon in the request to CIA is identical to that which was used in the request to the NSA.

27. To date, no substantive response has been received by the Requesters from the NSA. The Requesters have constructively exhausted all required administrative remedies.

28. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by the NSA of said right.

## COUNT THREE (DIA)

29. The Requesters, repeat and reallege paragraphs 10 through 14 above, inclusive.

30. By letter dated May 22, 2017, the Requesters submitted to the DIA a FOIA request.

31. The Requesters repeat and re-allege paragraphs 17 through 21, as the language relied upon in the request to CIA is identical to that which was used in the request to the DIA.

32. To date, no substantive response has been received by the Requesters from the DIA. The Requesters have constructively exhausted all required administrative remedies.

33. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by the DIA of said right.

## COUNT FOUR (FBI)

34. The Requesters, repeat and reallege paragraphs 10 through 14 above, inclusive.

35. By letter dated May 22, 2017, the Requesters submitted to the FBI a FOIA request.

36. The Requesters repeat and re-allege paragraphs 17 through 21, as the language relied upon in the request to CIA is identical to that which was used in the request to the FBI.

37. By letter dated June 12, 2017, the FBI acknowledged receipt of the FOIA request and designated the request as Request No. 1376769-000.

38. To date, no substantive response has been received by the Requesters from the FBI. The Requesters have constructively exhausted all required administrative remedies.

39. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by the FBI of said right.

## COUNT FIVE (STATE)

40. The Requesters, repeat and reallege paragraphs 10 through 14 above, inclusive.

41. By letter dated May 22, 2017, the Requesters submitted to State a FOIA request.

42. The Requesters repeat and re-allege paragraphs 17 through 21, as the language relied upon in the request to CIA is identical to that which was used in the request to State.

43. To date, no substantive response has been received by the Requesters from State. The Requesters have constructively exhausted all required administrative remedies.

44. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no basis for the denial by State of said right.

WHEREFORE, plaintiffs The James Madison Project, Noah Shachtman and Spencer Ackerman pray that this Court:

(1) Orders the defendant federal agencies to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2)  Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E)

and/or 28 U.S.C. § 2412 (d);

(3)  expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4)  grant such other relief as the Court may deem just and proper.

Date:   June 22, 2017

Respectfully submitted,

/s/

_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs